IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CYNTHIA MARTIN,

                    Plaintiff,

          v.                                                           OPINION and ORDER

ANDREW SAUL,                                                           19-cv-795-jdp
Commissioner of the Social Security Administration,

                    Defendant.

---

Plaintiff Cynthia Martin seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Martin not disabled within the meaning of the Social Security Act. Martin contends that the administrative law judge (ALJ), William G. Brown, erred by failing to: (1) include all of Martin's limitations in the residual functional capacity assessment (RFC); and (2) base the RFC on a particular medical opinion.

The court is not persuaded that the ALJ erred, so it will affirm the commissioner's decision. The oral argument scheduled for June 9, 2020, is canceled.


ANALYSIS

Martin seeks benefits for disability beginning in September 2015, when Martin was 53 years old. R. 28.[1] In his October 2018 decision, the ALJ found that Martin suffered from the following severe impairments: depressive disorder, bipolar disorder, mood disorder, anxiety disorder, substance use disorder, and back pain with right leg radicular pain. R. 17. In light of

---

[1] Record cites are to the administrative transcript, located at Dkt. 9.

these impairments, the ALJ found that Martin can perform medium work with additional restrictions related to mental limitations: she can perform routine and unskilled work; follow repetitive instructions; have occasional, brief, and superficial contact with coworkers and the public; comply with ordinary supervision; and tolerate the routine stressors of a routine, repetitive work setting. R. 21. Relying on the testimony of a vocational expert, the ALJ found that Martin cannot her perform past work but that she can perform jobs that exist in significant numbers in the economy, including jobs such as cleaner, hand packager, and laundry worker. R. 29.

The case is now before this court to determine whether the ALJ's decision applies the correct legal standards and is supported by "substantial evidence," *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020), which means that the court looks to the administrative law record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency "is not high"; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Martin raises two issues on appeal, but neither is developed. First, she says that the ALJ concluded that she had a "moderate limitation" with regard to "concentrating, persisting, or maintaining pace," but the ALJ failed to include a corresponding restriction in the RFC. Second, she says that the "RFC is . . . not based upon any medical opinion." Dkt. 13, at 7.

In support of her first contention, she cites *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014), for the proposition that a "restriction to simple, routine, and repetitive tasks is usually not adequate to account for moderate limitations in concentration, persistence, and pace." The counsel representing Martin has made this argument before, and the court has

explained why the argument is incomplete. Specifically, the court of appeals has not held that

a "moderate limitation" in "concentration, persistence, or pace" means the same thing in every

case:

> [Plaintiff's] interpretation of [Seventh Circuit case law] rests on the assumption that the phrase "moderate limitations in concentration, persistence, and pace" means the same thing across all cases, but that is incorrect. As this court has explained before, "the phrase is simply a general category" that "must be translated into particular limitations"; the phrase "does not necessarily communicate . . . what a claimant can or cannot do." *Rossenbach v. Colvin*, No. 13-cv-435, 2014 WL 1729096, at *2 (W.D. Wis. Apr. 30, 2014). When the court of appeals has concluded that an ALJ erred by failing to incorporate limitations related to concentration, persistence, and pace, it is not because the ALJ failed to use particular "magic words" in her decision. *Cihlar v. Berryhill*, 706 Fed. Appx. 881, 884 (7th Cir. 2017). Rather, it is because the ALJ failed to account for evidence that supported a particular limitation. *E.g., Lanigan v. Berryhill*, 865 F.3d 558, 566 (7th Cir. 2017); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016). Thus, when considering whether the ALJ's assessment of a claimant's RFC is supported by substantial evidence, the court must do more than simply look at the words used in the assessment. Instead, the court must determine whether the restrictions in the RFC accurately reflect all of the claimant's limitations that are supported by the record. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

*Zeatlow v. Berryhill*, No. 18-cv-570-jdp, 2019 WL 494625, at *1 (W.D. Wis. Feb. 8, 2019). The

plaintiff in *Zeatlow* didn't "identify any limitations supported by the record that [were] missing

from . . . the RFC, so she [was] not entitled to relief." *Id.* at 2 (citing *Loveless v. Colvin*, 810 F.3d

502, 508 (7th Cir. 2016)).

The court of appeals confirmed this view of the law in another case involving limitations

in concentration, persistence, and pace, *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019).

The court stated that the relevant question is simply whether the "RFC determination[] . . .

adequately account[s] for the claimant's demonstrated psychological symptoms." In that case,

the court of appeals declined to remand the case because the plaintiff failed to identify any additional restrictions supported by the record that the ALJ should have included in his RFC. *Id.*[2]

The bottom line is that Martin can't simply say that the ALJ failed to account for limitations related to concentration, persistence, or pace; she must identify additional restrictions that are supported by the evidence. She failed to do that, so she is not entitled to a remand on this ground.

The court understands Martin's second contention to be that the ALJ's decision is not supported by substantial evidence because the ALJ didn't adopt any of the medical opinions in the record. She cites generally to SSR 96-8p, but that ruling doesn't require the ALJ to adopt any of the medical opinions in full; it says only that the ALJ must consider the opinions, which is what the ALJ did.

The commissioner cites cases such as *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007), in which the court stated that "the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions any of the claimant's physicians." The commissioner also notes that the ALJ relied on portions of the expert's opinions as well as other evidence in the record.

Martin doesn't respond to the commissioner's arguments in her reply brief, so she has waived this issue. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Regardless, Martin hasn't shown that the ALJ

---

[2] The court of appeals has followed the same approach in numerous other cases since *Jozefyk*. *See, e.g., Morrison v. Saul*, No. 19-2028, — F.3d —, 2020 WL 1158480, at *4 (7th Cir. Mar. 10, 2020); *Kuykendoll v. Saul*, 801 F. App'x 433, 438 (7th Cir. 2020); *Prater v. Saul*, 947 F.3d 479, 482 (7th Cir. 2020); *Hinds v. Saul*, 799 F. App'x 396, 401 (7th Cir. 2020).

erred. Although there are some situations in which the court of appeals has required the ALJ

to obtain additional medical opinions when the evidence in the record is insufficient to render

a decision, *see Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013), Martin doesn't contend

that the evidence was insufficient in this case.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED and the June 9,

2020 oral argument is CANCELED. The clerk of court is directed to enter judgment in favor

of the commissioner and close this case.

Entered June 2, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge